# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

THOMAS ALLEN HAMILTON,

                Plaintiff,

vs.                                             Case No. 3:16-cv-1413-J-JRK

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

                Defendant.
_____/

## OPINION AND ORDER[1]

### I. Status

Thomas Allen Hamilton ("Plaintiff") is appealing the Commissioner of the Social Security Administration's final decision denying his claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is a result of "Right mca stroke, left hemiparesis, dysarthria"; "bad short term memory"; "problems with focus and concentration"; "problems with functionality of left hand"; "pain in left hand"; "left leg is weak and unstable"; "painful temperature sens[i]tivity in left hand"; "trouble swallowing"; and "constant sore and scratchy throat." Transcript of Administrative Proceedings (Doc. No. 11; "Tr." or "administrative transcript"), filed January 17, 2017, at 62, 72, 192. On June 10, 2013, Plaintiff filed an application for DIB, alleging an onset disability date of February 21, 2013.[2] Tr. at 162-63;

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 12), filed January 17, 2017; Reference Order (Doc. No. 13), entered January 18, 2017.

[2] Although actually completed on June 10, 2013, the protective filing date of Plaintiff's application is listed elsewhere in the administrative transcript as June 7, 2013. See Tr. at 181.

see also Tr. at 28. Plaintiff's application was denied initially, see Tr. at 62-70, 71, 103-06, and was denied upon reconsideration, see Tr. at 72-82, 83, 112-17.

On September 1, 2015, an Administrative Law Judge ("ALJ") held a hearing, during which the ALJ heard testimony from Plaintiff, who was represented by either counsel or a non-attorney representative,[3] and a vocational expert ("VE"). Tr. at 22-64. The ALJ issued a Decision on October 15, 2015, finding Plaintiff not disabled through the date of the Decision. Tr. at 87-98. The Appeals Council then received additional evidence in the form of a brief authored by Plaintiff's then-representative. Tr. at 5-6; see Tr. at 258-59 (brief). On September 12, 2016, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, thereby making the ALJ's Decision the final decision of the Commissioner. On November 8, 2016, Plaintiff commenced this action under 42 U.S.C. § 405(g) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

Plaintiff makes one primary argument on appeal: "[t]he ALJ did not meet his step 5 burden because he failed to acknowledge Plaintiff's change in age category and did not perform the required transferable skills analysis." Plaintiff's Memorandum - Social Security (Doc. No. 17; "Pl.'s Mem."), filed March 20, 2017, at 4 (emphasis omitted). Plaintiff's argument focuses on the transferability of his skills and his advanced aged. See id. at 4, 5-11. On May 17, 2017, Defendant filed a Memorandum in Support of the Commissioner's

---

[3] The transcript of the hearing indicates that Plaintiff had an "attorney" whose name was not specified, Tr. at 22, and the ALJ referred to the representative as Plaintiff's "attorney" and "Counsel," Tr. at 26. Some administrative forms filed by Plaintiff's representative indicate that the person is a "non-attorney," Tr. at 16, 17, 110, while other forms filed by a co-representative indicate that the co-representative is an attorney, Tr. at 160-61.

Decision (Doc. No. 18; "Def.'s Mem.") addressing the argument raised by Plaintiff.[4] After a thorough review of the entire record and consideration of the parties' respective memoranda, the undersigned determines that the Commissioner's final decision is due to be affirmed.

## II. The ALJ's Decision

When determining whether an individual is disabled,[5] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920[6]; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 89-97. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since February 21, 2013, the alleged onset date." Tr. at 89 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairment: late effects of

---

[4] Although permitted, see Orders (Doc. Nos. 20, 21), Plaintiff opted not to file a reply memorandum, see Notice (Doc. No. 22), filed June 30, 2017.

[5] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

[6] All references to the Regulations are to the versions in effect in 2016 (the year of the final decision) unless otherwise noted.

cerebrovascular accident disease." Tr. at 89 (emphasis and citation omitted). At step three, the ALJ ascertained that "[Plaintiff] does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. at 90 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform light work as defined in 20 CFR [§] 404.1567(b) except he can frequently operate left hand controls with his left hand; he can frequently perform handling, fingering, and feeling with his left upper extremity; he can never climb ladders; he can frequently climb stairs; and he can occasionally balance, stoop, kneel, crouch, and crawl.

Tr. at 91 (emphasis omitted). At step four, the ALJ found that Plaintiff "is unable to perform any past relevant work" as a "[t]ruck driver, sales route" and a "supervisor route sales delivery driver." Tr. at 96 (some emphasis and citation omitted). At step five, the ALJ considered Plaintiff's age ("53 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date"), education ("a least a high school education and is able to communicate in English"), work experience, and RFC, and relied on the testimony of the VE to find Plaintiff is capable of performing work that "exist[s] in significant numbers in the national economy." Tr. at 96-97 (emphasis and citations omitted). Namely, the ALJ identified representative jobs of "[g]eneral office clerk," "routing clerk," and "gate keeper." Tr. at 97 (emphasis omitted). The ALJ concluded that Plaintiff "has not been under a disability . . . from February 21, 2013, through the date of th[e D]ecision." Tr. at 97 (emphasis and citation omitted).

### III.  Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).  Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence' . . . ." Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)).  "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)).  The substantial evidence standard is met when there is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence."  Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (internal quotation and citations omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987).  The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence–even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

### IV.  Discussion

Plaintiff contends the ALJ erred at step five in relying on the VE's testimony to find Plaintiff is capable of performing work that exists in significant numbers in the national economy.  Pl.'s Mem. at 4-11.  Plaintiff correctly points out that once an individual reaches

fifty-five years old (the advanced age category), the Administration provides different standards for determining whether an individual is disabled. Id. at 5-6, 9; see, e.g., 20 C.F.R. § 404.1568(d)(4). According to Plaintiff, because the ALJ inadvertently failed to realize that Plaintiff had changed age categories, the ALJ failed to make appropriate inquiry of the VE regarding transferability of skills and to address these matters in the Decision. Pl.'s Mem. at 11. In a footnote, Plaintiff finally argues "out of an abundance of caution" that the jobs identified by the ALJ do "not facially meet the heightened transferability standard." Id. at 10-11 n.4.

Responding, Defendant concedes that even though Plaintiff testified as to his date of birth which undisputedly put him in the advanced age category, "the ALJ did not specifically analyze the applicability of the Grids based on Plaintiff's change in age category." Def.'s Mem. at 7. Defendant contends, however, that "[a]ny error by the ALJ . . . was harmless because . . . the applicable Grid rule for advanced age directed a finding of 'not disabled,' the ALJ did not rely exclusively on the Grids to find Plaintiff not disabled, and the VE testified that Plaintiff had transferable skills to light work and could perform other jobs." Id. (citation omitted). Thus, according to Defendant, the ALJ's step five findings are supported by substantial evidence. Id. at 5-13.

In the fifth step of the sequential evaluation process, an ALJ considers a claimant's RFC, together with the claimant's "age, education, and work experience to see if [the claimant] can make an adjustment to other work." 20 C.F.R. § 404.1520(a)(4)(v); see also 20 C.F.R. § 416.920(a)(4)(v). As part of this consideration, an ALJ determines whether an individual has acquired skills from prior employment and whether they are transferable. See

20 C.F.R. §§ 404.1568, 416.968. With respect to transferability of skills to other employment, the applicable Regulation provides:

> If you are of advanced age (age 55 or older), and you have a severe impairment(s) that limits you to sedentary or light work, we will find that you cannot make an adjustment to other work unless you have skills that you can transfer to other skilled or semiskilled work . . . that you can do despite your impairment(s). We will decide if you have transferable skills as follows. . . . If you are of advanced age but have not attained age 60, and you have a severe impairment(s) that limits you to no more than light work, we will apply the rules in paragraphs (d)(1) through (d)(3) of this section to decide if you have skills that are transferable to skilled or semiskilled light work (see § 404.1567(b)).

20 C.F.R. § 404.1568(d)(4). Paragraphs (d)(1) through (d)(3) provide:

> (1) What we mean by transferable skills. We consider you to have skills that can be used in other jobs, when the skilled or semi-skilled work activities you did in past work can be used to meet the requirements of skilled or semi-skilled work activities of other jobs or kinds of work. This depends largely on the similarity of occupationally significant work activities among different jobs.
>
> (2) How we determine skills that can be transferred to other jobs. Transferability is most probable and meaningful among jobs in which—
>
>> (i) The same or a lesser degree of skill is required;
>> (ii) The same or similar tools and machines are used; and
>> (iii) The same or similar raw materials, products, processes, or services are involved.
>
> (3) Degrees of transferability. There are degrees of transferability of skills ranging from very close similarities to remote and incidental similarities among jobs. A complete similarity of all three factors is not necessary for transferability. However, when skills are so specialized or have been acquired in such an isolated vocational setting (like many jobs in mining, agriculture, or fishing) that they are not readily usable in other industries, jobs, and work settings, we consider that they are not transferable.

20 C.F.R. § 404.1568(d)(1)-(3).

For a person of "advanced age" (over age fifty-five) in the light work category, the Grids provide that "[t]he presence of skills that are readily transferable to a significant range

of semi-skilled or skilled work within an individual's [RFC] would ordinarily warrant a finding of not disabled regardless of the adversity of age." 20 C.F.R. pt. 404, subpt. P, app'x 2, § 202.00(e).

"An ALJ relies on the testimony of a [VE] to determine what level of skill the claimant achieved in his [or her] past work, whether the claimant has transferable skills, and whether the claimant can perform other jobs." Zimmer v. Comm'r of Soc. Sec., 211 F. App'x 819, 820 (11th Cir. 2006) (citing Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir.1999)); see also Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002) (citing Wolfe v. Chater, 86 F.3d 1072, 1077-78 (11th Cir. 1996)) (stating that an ALJ may pose a hypothetical question to a VE as part of the determination of whether the claimant can obtain work in the national economy). "The VE's testimony 'trumps' other sources of information with regard to skill level and alternative jobs." Zimmer, 211 F. App'x at 819 (quoting Jones, 190 F.3d at 1229-30). "Unless the VE is proven incorrect, the ALJ may rely on the VE's testimony." Id. (citing Jones, 190 F.3d at 1230).

Here, during the hearing, the ALJ was aware of Plaintiff's date of birth because Plaintiff specifically testified to it. Tr. at 25. When the ALJ questioned the VE, the ALJ summarized for the VE, in detail, Plaintiff's past relevant work and the skills Plaintiff had acquired in performing that work. Tr. at 52-53. The ALJ asked the VE whether Plaintiff could perform his past relevant work if he were now limited to a full range of sedentary work, and the VE responded that he could not. Tr. at 54. The ALJ then asked the VE about the transferability of the skills from Plaintiff's past relevant work. Tr. at 54. Regarding transferability, the ALJ first inquired as to whether Plaintiff could perform a full range of

sedentary work with those skills, and the VE responded as follows: "No, sir. He's acquired skills of office; general office worker; or supervision," jobs that "generally fall within the light category." Tr. at 54. The ALJ then asked, "Okay. So would there be any skills that would be transferable to other jobs from these positions? Maintenance skills, no?" Tr. at 55. And, the VE replied, "No, sir. Just in the light." Tr. at 55.

The ALJ then asked the VE the hypothetical question that is adopted as the RFC in the written Decision. Tr. at 55. The ALJ asked whether Plaintiff could perform his past work, and the VE responded that he could not. Tr. at 55. Then, the ALJ asked whether the hypothetical individual could perform other work that exists in the national economy. Tr. at 55. In response, the VE testified that Plaintiff could perform the jobs of "general office clerk [which is] light, semi-skilled," "routing clerk [which is] light, unskilled," and gate keeper [which is] light, semi-skilled." Tr. at 55-56. The VE also confirmed that his testimony was consistent with the Dictionary of Occupational Titles ("DOT"). Tr. at 56.

The ALJ in the written Decision accurately summarized the VE's testimony regarding the type of work Plaintiff is able to perform. Tr. at 97. Because the ALJ did not recognize in the written Decision that Plaintiff had attained the age of fifty-five, however, the ALJ erroneously stated that transferability of skills was "not material to the determination of disability." Tr. at 96 (emphasis omitted). Nevertheless, the ALJ accepted and adopted the VE's testimony regarding the jobs Plaintiff is capable of performing at step five. Tr. at 97.

The undersigned concludes that, overall, substantial evidence supports the ALJ's step five findings. As summarized in detail above, the VE was specifically asked about Plaintiff's transferable skills, and he testified regarding the jobs Plaintiff can perform with those skills

and his other limitations. The ALJ was permitted to rely on that testimony in making the step five findings, and that testimony provides substantial evidence to support the findings. See, e.g., Zimmer, 211 F. App'x at 820 (citing Jones, 190 F.3d at 1229). The ALJ's erroneous statement that transferability of skills was not material was, therefore, harmless.

Plaintiff, relying on the DOT, argues that the jobs identified by the VE "cannot be used to meet the 'readily transferable' standard." See Pl.'s Mem. at 11 n.4. This argument fails, though, because the VE's testimony trumps other sources of information, including the DOT on which Plaintiff relies for making this argument. See Zimmer, 211 F. App'x at 820 (citing Jones, 190 F.3d at 1229-30). At the end of the day, complete similarity of skills is not required; rather, as Plaintiff recognizes, "readily transferable" skills is the requirement. 20 C.F.R. § 404.1568(d)(3); 20 C.F.R. pt. 404, subpt. P, app'x 2, § 202.00(e). The VE's testimony, upon which the ALJ relied in making the ultimate step five findings, did not run afoul of this requirement. See, e.g., Barchard v. Comm'r of Soc. Sec., 628 F. App'x 685, 687 (11th Cir. 2015) (finding the ALJ did not err in relying on the VE's testimony regarding transferability of skills acquired in past employment).[7]

## V. Conclusion

After a thorough review of the entire record, the undersigned finds that the ALJ's Decision is supported by substantial evidence. Accordingly, it is

**ORDERED**:

---

[7] Plaintiff accurately points out that one of the jobs that the VE testified he can perform, routing clerk, is unskilled. Pl.'s Mem. at 10 n.4; see Tr. at 55 (VE's testimony). According to Plaintiff, his skills cannot transfer to unskilled work. Pl.'s Mem. at 10 n.4. Even eliminating the routing clerk job, the others testified to by the VE provide substantial evidence to support the ALJ's step five finding.

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), **AFFIRMING** the Commissioner's final decision.

2. The Clerk is further directed to close the file.

**DONE AND ORDERED** at Jacksonville, Florida on March 9, 2018.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of record